U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

AUG 1 7 2009

TONY R. MOORE, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

JAMES SAMUEL FELKNOR

versus

FEDERAL EXPRESS &
TERRY WILLIS

CIVIL ACTION NO. 08-1095
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is a joint motion for summary judgment filed by the defendants, FedEx Ground ("FedEx") and Terry Willis ("Willis"), pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Record Document 30. Based on the following, the defendants' joint motion for summary judgment is **GRANTED**.

## I. BACKGROUND

### A. Introduction.

On July 24, 2008, James Samuel Felknor ("Felknor"), proceeding pro se, sued the defendants for violations of the United Stated Constitution and the Americans with Disabilities Act ("ADA"). See Record Document 1. After Felknor amended his complaint, the defendants filed the instant motion for summary judgment. See Record Document 30. Felknor filed an opposition, the defendants

1

replied, and Felknor filed a sur-reply. See Record Documents 32, 35, and 39.

**B.      Facts And Allegations.[1]**

In late March of 2007, Willis, a FedEx delivery truck driver, attempted to deliver a package to "M. Felknor" in Plain Dealing, Louisiana. The intended recipient of the package was Felknor's daughter-in-law, Marcie Felknor.[2] Although Willis was unable to find the recipient's home for three days, he eventually noticed a mailbox with the name "Felknor" printed on the side. Willis stopped, knocked on the door, and asked the man who answered (Felknor) if he knew an "M. Felknor." The man stated that Matt Felknor was his son and that he would be happy to sign for the package and give it to his son.

The next morning, FedEx received a complaint that the package had been delivered to the wrong address. When Willis returned to Felknor's home to retrieve the package, Felknor refused to return it. Felknor stated that because he signed for the package, it was his responsibility and that he wanted his son to come by and retrieve it.[3] Unsure how to proceed, Willis called his manager and was instructed

---

[1] As Felknor failed to provide the court with any competent summary judgment evidence, the following facts are taken from affidavits attached to the defendants' motion for summary judgment.

[2] Although he provided no evidence in support, Felknor contends that the package was addressed to his deceased father, Robert S. Felknor.

[3] Felknor seems to believe that if he returned the package to Willis without obtaining Willis's signature, he would still be responsible for the package.

2

to leave Felknor's residence and continue his route. That was the last time either Willis or any other FedEx employee had any contact with Felknor or the package.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004).

All facts and inferences are viewed in the light most favorable to the non-moving party, and all reasonable doubts are resolved in that party's favor. See Puckett v. Rufenacht, Bromagen & Hertz, Inc., 903 F.2d 1014, 1016 (5th Cir. 1990). If factual issues or conflicting inferences exist, the court is not to resolve

3

them; rather, summary judgment must be denied. See id.

**B.    Discussion.**

In his amended complaint, Felknor seeks relief pursuant to the "Constitution of the United States of America, and other other [sic] applicable statutes and constitutional provisions. Also The Americans with Dissabilities [sic] Act." Record Document 5. In his memorandum in opposition to the defendants' motion for summary judgment, Felknor also alleges that Willis's actions were cruel and unusual punishment. See Record Document 32 at 6. He also references the Fair Housing Act. See id. Even though the court has liberally construed Felknor's pro se pleadings, see Hernandez v. Velasquez, 522 F.3d 556, 561 (5th Cir. 2008), it is obvious that Felknor does not have a cognizable cause of action against either defendant.

To prevail under 42 U.S.C. § 1983, Felknor must establish that a person, acting under color of law, deprived him of a right, privilege, or immunity secured by the Constitution. See Goodman v. Harris County, 571 F.3d 388, 394-95 (5th Cir. 2009). As Felknor failed to provide evidence of a constitutional violation or the existence of a person acting under the color of law, his claims under section 1983 fail as a matter of law.

The ADA, 42 U.S.C. §§ 12101 et seq, provides that no covered entity shall discriminate against a qualified individual with a disability because of the disability

of such individual in regard to "the hiring, advancement, or discharge of employees . . . and other terms conditions, and privileges of employment." E.E.O.C. v. Chevron Phillips Chem. Co., LP, 570 F.3d 606, 613 (5th Cir. 2009). As Felknor failed to provide evidence of an employee-employer relationship or that the defendants knew of his alleged disability, his claims under the ADA fail as a matter of law.

The Fair Housing Act ("FHA") makes it unlawful to "refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a); Cox v. City of Dallas, Tex., 430 F.3d 734, 740 (5th Cir. 2005). As Felknor failed to establish the applicability of the FHA or provide evidence that the defendants violated the FHA, his claims under the FHA fail as a matter of law.

## III. CONCLUSION

Felknor failed to provide evidence that Willis or FedEx violated his constitutional rights, the ADA, or the FHA. Felknor has not created a genuine issue of material fact and the defendants are entitled to a judgment as a matter of law. Accordingly,

**IT IS ORDERED** that the defendants' joint motion for summary judgment is **GRANTED**.

A judgment consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 17th day of August, 2009.

JUDGE TOM STAGG